Derbigny, J.
delivered the opinion of the court. The appellant and defendant has been, by herself and her vendor, in possession of a female slave during more than five years. That slave is now claimed by the plaintiff and appellee, as having never ceased to be hers. It is proved that previous to the month of May, 1809, the appellee was the owner of this slave; but the appellant alledges that the appellee then sold her to the person under whom she holds. She relies on that sale, and further pleads prescription.
*612 The appellant abundantly proves by a number of witnesses that this slave was sold by the appellee to Mlle. Maurin, the appellant's vendor, sometime in 1809. But, as some of those witnesses also deposed that a written act of that sale was executed, a question has arisen whether the defendant could produce any parol evidence of the sale, without first proving the loss of the document in the manner prescribed by law.
That such is the rule, when the contract is one of those for which the law requires a written act, is, of course, not disputed. The question is, whether this rule is to govern in cases where a contract, which could have been made verbally, was reduced to writing: for it is ad-nutted that verbal sales of slaves are not illegal in the country where this is said to have taken place.
Although this is not a case where the written proof of the contract could alone be received, and where, in its defect, no parol evidence would be admitted without first shewing that it was lost through some unavoidable accident; yet, the moment it appeared that the purchase here relied on had been reduced to writing, it became the duty.of the defendant to produce that instrument, or shew that it was not within her *613 power or reach, according to this first rule of evidence, that " the best evidence should be produced which, from the nature of the case, must be supposed to exist." The defendant having neglected to produce it, lies under the suspicion of concealing a document which, if exhibited, would make against him; and all his parol testimony must go for nothing.
The manner in which a part of the statement of facts, agreed upon between the parties, is conceived, had caused the court to doubt whether they ought not to consider the bill of sale spoken of by the witnesses as actually produced, though the judgment of the inferior court is bottomed on the omission of the defendant to produce it; because the statement of facts tains a copy of that sale, under the name of " document admitted by the plaintiff." But, in refering to the other part of the statement, it is seen, that this admission must have been made since the judgment appealed from was rendered; for the parties further agree, that the plaintiff shall have a right to make all legal objections against the parol evidence, as inadmissible, before the loss of the bill of sale had been proven.
No title having been shewn by the defendant. *614 his possession of the slave, during five years, cannot avail him.
Davezac for the plaintiff, Morel for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.