East'n District.
*March,* 1824.

SEAL
*vs.*
OSBORNE & AL.

------

## MOORE vs. MAXWELL & AL.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The petitioner, who is the payee of the promissory note on which this suit is brought, alleges that he sues for the use of N. Cox, to whom the note was regularly transferred in course of trade, before it became due.

No bill of exception lies to a final judgment. The payee of a note who has endorsed it, cannot maintain any action on it, even for the use of his endorsee.

East'n District.  The answer contains a general denial of all
*March*, 1824.
the allegations in the petition.   There is no

MOORE        statement of facts, or any thing equivalent
*vs.*
MAXWELL &    thereto : but, on the trial of the cause, a bill of
AL.
exceptions was taken to the opinion of the
court, on a motion of the defendants, that the
judgment of nonsuit should be given against
the plaintiff, and in the bill of exceptions it is
stated, that the plaintiff had proved the hand-
writing of the drawer, and adduced no other
testimony.

The question, as to the propriety of taking
bills of exceptions to final judgments, has fre-
quently come under our consideration, and
the court has uniformly expressed an opinion
that it could not be done.   That the only
way in which the final decision of inferior tri-
bunals, on the merits, could be examined, and
reversed or affirmed, was by bringing the facts
before us, in some one of the modes specially
pointed out by statute for that purpose.  In the
present instance, the bill of exceptions is not
taken to the final judgment actually rendered,
but the opinion of the court in refusing to
give another in lieu of it.   It is difficult, if not
impossible to distinguish between these cases.
The application of the defendants, although

made by motion, was nothing more or less than a demand that the court should pronounce that judgment on the merits which the evidence taken warranted; and the complaint is, that an erroneous conclusion was drawn from the whole testimony given on the trial; that the judge conceived, it did not authorise a judgment of nonsuit in favor of the defendants, but a judgment against them in favor of the plaintiff, and that there was error in his doing so. Such an error we can only examine in a case where the evidence is placed before us in the manner pointed out by law for the revision of final judgments. Bills of exceptions, according to our statute, lie only to the opinion of the court on some question of law arising in the course of the trial; not to the conclusions drawn from the whole evidence and the judgment pronounced thereon. See the cases of *Bujac & al.* vs. *Mayhew*, 3 *Martin*, 613; *Tagert* vs. *David*, 4 *ib.* 1; *Deverny's heirs* vs. *Lafon*, *ib.* 90; *Shewell* vs. *Stone*, 12 *ib.* 386.

But the defendants have assigned errors on the face of the record, and in looking into them we see one that is fatal. This action was commenced by the payee of the note, who, before suit was brought, had parted with all

East'n District.
*March*, 1824.

MOORE
*vs.*
MAXWELL &
AL.

East'n District.
*March*, 1824.

MOORE
*vs.*
MAXWELL &
AL.
interest in it, and by endorsement, transferred the legal title to another. This circumstance, in our opinion, deprived the plaintiff of the right of bringing this action, and distinguishes this case in a material point from those decided in this state, and in our sister states, where this form of proceeding has been resorted to. In all of them, the right has been recognised, because the legal title to the instrument sued on, being vested in the nominal plaintiff, as he had a right to demand the money for himself, he could of course institute any other person to receive it. That such has been the principle on which these actions have been maintained, will appear manifest, if we suppose the case of a person, not a party to the bill, nor appearing to have any interest in it, suing for the use of another. Such an action could not be supported, for as the plaintiff could not sue for himself, he could not sue for a third party. To come still nearer the case now before us, we have next to inquire in what does the situation of a person *who has parted with his interest in the bill*, differ from him *who never had any.* In no material circumstance, as far we can discover. Neither could recover the money for himself, and without an authority to do so,

they have none to receive for another.  In the East'n District.
*March*, 1824.

MOORE
*vs.*
MAXWELL &
AL.present instance, were it not for a particu-
lar allegation in the petition, which will be
hereafter noticed, it might be seriously ques-
tioned, whether the payee, having written his
name in blank, on a note which he retained in
possession, was such a transfer of his interest
in it, as would prevent him from suing and
recovering.  But we are precluded from giv-
ing the plaintiff the benefit of that considera-
tion, by an averment which he himself has
made in the pleadings, that previous to the
commencement of the action he had duly
transferred the note to the person for whose
use the suit was brought.  The instrument
annexed to the petition and made a part of it,
supports this allegation; for, it shows his en-
dorsement.  The legal interest had therefore
completely passed out of him before the action
was instituted.

It has occurred to us worthy of inquiry,
whether the suit, being brought for the use of
the person in whom both the legal and equita-
ble title to the note was vested, did not cure
the defect ; but, strongly as we feel inclined
to support the proceedings, we cannot do so
even on this ground.  Nothing on this record

East'n District.
*March,* 1824.

MOORE
*vs.*
MAXWELL &
AL.
shows, that Cox ever authorised or sanctioned this suit. Judgment in it would not furnish the defendants with the plea of *res judicata*, if sued again by the endorsee. It is impossible to distinguish between permitting the plaintiff, who had parted with his interest, to bring the action, or allowing any other man in the community, who had nothing to do with the transaction to originate the proceedings, and it is clear that in sanctioning the principle on which this judgment was rendered, we would, in fact, be establishing the right of third parties to institute suits at law, to enforce obligations in which they had no concern.

This petition was, no doubt, drawn from analogy to the mode pursued to this day in countries governed by common law, and formerly in the civil, by the assignees of choses in action, to receive the debts transferred them. According to both systems, the sale or transfer of such objects was illegal; consequently, no other but the person to whom the debt was originally payable could receive it. In the former they adopted a method of getting round the objection, and at the same time securing the right of the transferee, by permitting the assignor to sue for his use, and the court of equity

at a very early period, and the courts of law ultimately, took notice of the assignment, so as to protect the right of the person in whom the equitable interest was vested. In the latter system, the difficulty was avoided by the vendor or transferor constituting the assignee his attorney, *procurator in rem suam*, and stipulating that the action should be brought in the name of the former, for the benefit, but at the expense of the latter. The very reason, however, which required this form of action, shows the impossibility of sanctioning the present proceedings. By the law just referred to, there could be no legal transfer of the debt, and the suit was obliged to be brought by the person in whom the legal interest was vested. Here the instrument was negotiable, had been negotiated, and the right, title and interest were by law vested in another. The assignor had therefore lost the quality, which, under the system referred to, alone gave him a right to sue. We have given the case considerable attention, and we have no doubt, the true inquiry to make in cases of this kind is, has the plaintiff the legal title? Can he sue for himself? If he cannot, then he cannot sue for another. 2 *Black. Com.* 442 ; *Pothier, Traité de Vente, n.* 550, 554.

East'n District.
*March,* 1824.

MOORE
*vs.*
MAXWELL &
AL.

East'n District.
*March*, 1824.

MOORE
*vs.*
MAXWELL &
AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be a judgment of nonsuit for defendant, with costs in both courts.

Strawbridge for the plaintiff, Watts & Lobdell for the defendants.